Exhibit C

Exhibit C-1

Filed
13 May 23 P4:58
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE NO. DC-13-05782

| | | |
|---|---|---|
| 6627 MAPLE AVENUE PARTNERS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE TRAVELERS LLOYDS INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | D-95TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE:**

Plaintiff 6627 Maple Avenue Partners ("Plaintiff") files its Original Petition against Defendant The Travelers Lloyds Insurance Company ("Travelers") showing the following:

### I.
### DISCOVERY CONTROL PLAN

1. Discovery shall be conducted under Level 2 of Texas Rule of Civil Procedure 190.

### II.
### RULE 47 STATEMENT

2. Plaintiff seeks monetary relief over $1,000,000 and demands a judgment for all the other relief to which Plaintiff may be justly entitled.

### III.
### SUMMARY OF CASE

3. Despite being provided timely notice of a claim relating to hail damage sustained at Plaintiff's property in May 2011, Travelers breach its insurance contract by failing to timely:

    a. acknowledge, investigate, or request information about the claims;

    b. accept, reject, or extend the time to decide the claims; and

c.  pay the claims.

Furthermore, Travelers' actions amount to unfair claim settlement practices in violation of the Texas Insurance Code.

4.      Plaintiff now seeks payment of losses sustained as a result of the damage to the roof, as well as the damages incurred as a direct result of Travelers' breach of the Policy and violation of the Texas Insurance Code and Deceptive Trade Practices Act.

## IV.
## PARTIES

5.      Plaintiff 6627 Maple Avenue Partners is a domestic non-profit corporation organized and existing under the laws of the State of Texas.

6.      Defendant The Travelers Lloyds Insurance Company is a company organized and existing under the laws of the State of Texas with its principal place of business located at 1301 East Collins Blvd, Richardson TX 75081.  The Travelers Lloyds Insurance Company may be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin Texas 78701-3218.

## V.
## JURISDICTION & VENUE

7.      Jurisdiction is proper in this Court because the amount in controversy exceeds this Court's minimum jurisdictional limits.

8.      Venue is proper in this Court because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in Dallas County, Texas.  TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(A)(1) (Vernon 2005).

V.

## FACTUAL BACKGROUND

9.      On February 7, 2011, Travelers issued commercial general liability coverage policy number KTK CMB 5870L78511 (the "Policy") to ATI Holding Company ("ATI"). The Policy covered the period from January 1, 2011 to January 1, 2012.

10.     Among other coverages, the Policy provided for insurance coverage for hail related occurrences which may be sustained at certain real property located at 6627 Maple Ave, Dallas, Texas 75235 (the "Property"). The Policy also provided for the recovery of other related losses including, but not limited to, lost business income, profit and overhead on construction, claim date expenses, and other claim related losses.

11.     On May 24, 2011, the Property sustained massive damage relating to a hail storm which produced hail in excess of 1-3/4-inch-diameter hail ("May 2011 Storm"). The information published by The National Weather Service, National Climactic Data Center ("NCDC") and the Storm Prediction Center ("SPC") confirm the severity of the storm at the Property on May 24, 2011.

12.     On August 12, 2011, ATI timely sent written notice of a claim to Travelers relating to the damage sustained by the Property on May 24, 2011 ("Claim"). ATI discovered the damage to the Property as a result of numerous roof leaks which occurred subsequent to the May 2011 Storm.

13.     In September 2011, Haag Engineering ("Haag") inspected the Property at the request of Travelers.

14.     In response to said inspection, Travelers improperly listed the date of loss as April 2, 2010 and not May 24, 2011. Upon information and belief, Travelers improperly listed the date of loss for the purpose of denying the Claim.

---

15.     In fact, Travelers did deny the Claim on October 18, 2011 wherein Travelers sent an estimate of damage which "assessed" the damage to the Property at less than the deductible under the Policy.

16.     From the damage sustained by the May 2011 Storm, the roof of the Property continued to leak and caused disruptions to ATI business throughout the balance of 2011 and 2012.

17.     Not willing to accept Travelers inadequate assessment of the damages, Plaintiff engaged the public adjusting firm of DA Lamont which subsequently hired an engineer to perform a roof leak detection analysis in July 2012.

18.     As a result of the roof detection analysis, Plaintiff on July 23, 2012 re-tendered its claim for damage for the May 2011 Storm to Travelers.

19.     On August 8, 2012, Travelers sent another engineering firm, Nelson Engineering, to evaluate the roof of the Property and determine the extent of damage caused by the May 2011 Storm.  In Nelson Engineering's report, the firm acknowledged that the Property had sustained damage from the May 2011 Storm.

20.     Despite having knowledge that the Property had sustained damage from the May 2011 Storm, Travelers continued to deny coverage on the claim by stating the covered damage amounts were less than the deductible.

21.     In November 2012, ATI vacated the Property in advance of its lease termination date and cited numerous reasons including, but not limited to, the continuing water intrusion relating to roof leaks caused by the May 2011 Storm.

22.     Not accepting Travelers' continuing denial of coverage for the Claim, DA Lamont engaged Nelson Jones, an engineering firm, to perform additional testing on the Property in January 2013.

23.     In late March 2013, almost 2 years after the May 2011 Storm, Travelers finally accepted liability and coverage for the damage sustained by the Property during the May 2011 Storm.

24.     Despite accepting coverage and liability, Travelers failed to pay all damages sustained by Plaintiff including, but not limited to the following:

    a.  Full replacement value for the exterior damage to the Property;

    b.  Full replacement value for the interior damage to the Property;

    c.  Contractor's overhead and profit, as required by the Texas Department of Insurance;

    d.  Loss of business income; and

    e.  Fees associated with the claim prior to Traverlers accepting liability and coverage.

25.     Travelers' failure to timely accept liability and coverage for the claim and to pay all amounts due under the Policy amounts to a breach of the Policy and unfair claim settlement practices in violation of the Texas Insurance Code and Deceptive Trade Practices Act.

26.     In this action, Plaintiff seek payment of losses sustained as a result of the damage to the roof, as well as the damages incurred as a result of Traveler's breach of the Policy and violation of the Texas Insurance Code and Deceptive Trade Practices Act.

## VI.
## CAUSES OF ACTION

### Count 1 –Breach of Contract

27.     Pursuant to Rule 58 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff realleges the allegations contained in the above paragraphs as if fully set forth herein.

28.     A valid and enforceable contract for commercial general liability insurance existed between Travelers and ATI, to which Plaintiff is an assignee.

29.     Travelers breached the contract by failing to timely:

    a.  acknowledge, investigate, or request information about the claims;

    b.  accept, reject, or extend the time to decide the claims; and

    c.  pay the claims.

30.     All conditions precedent have been satisfied by Plaintiff.

31.     Demand has been made to Travelers for payment of the losses. Despite such demand, Travelers has refused to make payment for the losses.

32.     As a result of Travelers' breach of contract, Plaintiff is entitled to recover actual damages, including but not limited to the amount Travelers is obligated to pay under the contract for damage to the roof and other losses such as lost business income.

33.     Pursuant to the Policy and Chapter 38 of the Texas Civil Practices and Remedies Code, Plaintiff is entitled to recover reasonable attorney's fees and costs incurred in bringing this action.

**Count 2 - Claims under the Texas Deceptive Trade Practices Act**

34.     Plaintiff realleges the allegations contained in the above paragraphs as if fully set forth herein.

35.     ATI is a Texas corporation that sought to purchase and did purchase an insurance policy from Travelers, to which Plaintiff is an assignee.

36.     The Policy includes coverage, among other things, for damage to the Property resulting from hail storms, loss of business income, and contractor's overhead and profit.

37.     Despite notice of the loss, Travelers has not issued full payment for all losses sustained as a result of the May 2011 Storm.  Furthermore, Travelers continues to engage in unfair settlement practices in violation of the law.

38.     Travelers knowingly engaged in an unconscionable action and/or course of action that took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree and the resulting unfairness is glaringly noticeable, flagrant, complete, and unmitigated.

39.     The unconscionable action and/or course of action by Travelers are the producing cause of Plaintiff's damages, including but not limited to business interruption damages and Plaintiff's expenses and attorneys' fees incurred in the instant matter.

40.     Contemporaneously with this filing, Plaintiff has provided written notice to Travelers advising it of the specific nature of Plaintiff's complaint as required by the Texas Deceptive Trade Practices Act and the Texas Insurance Code.

41.     As a result, Plaintiff seeks its economic damages, including a trebled amount, attorneys' fees, interest, and costs from Travelers.

**Count 3 – Violation of Chapter 542 of the Texas Insurance Code**

42.     Plaintiff realleges the allegations contained in the above paragraphs as if fully set forth herein.

43.     Plaintiff timely submitted a notice of a claim for damages resulting from the May 2011 Storm.  Damages resulting from hail are covered losses under the Policy.  Thus, Travelers is liable to Plaintiff for coverage of the claim under the Traveler's insurance policy.

44.     Travelers violated Chapter 542 of the Texas Insurance Code by failing to timely

    a.   acknowledge, investigate, or request information about the claims;

    b.   accept, reject, or extend the time to decide the claims; and

    c.   pay the claims.

45.     Furthermore, Travelers violated Chapter 542 of the Texas Insurance Code by engaging in unfair claim settlement practices by:

   a.  Knowingly misrepresenting pertinent facts or policy provisions relating to the coverage at issue;

   b.  Failing to adopt and implement reasonable standards for the prompt investigation of claims; and

   c.  Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim;

46.    As a result of these failures, Plaintiff is entitled to statutory penalties, attorneys' fees, interest, and costs from Travelers.

## VI.
## PRAYER

For the foregoing reasons, Plaintiff 6627 Maple Avenue Partners respectfully requests that Defendant The Travelers Lloyds Insurance Company be cited to appear and answer herein, and that upon final trial of this cause, judgment be entered in favor of 6627 Maple Avenue Partners as follows:

1.  Actual damages, including both consequential and incidental;

2.  Exemplary damages as allowed by law;

3.  Treble damages as allowed by law;

4.  Statutory damages as allowed by law;

5.  Pre and post-judgment interest at the maximum rate allowed by law;

6.  Attorneys' fees and costs of court as permitted by law; and

7.  All additional relief, both general and special, at law and in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

**CHERRY PETERSEN LANDRY ALBERT LLP**


By:  /s/ Trey R. Dyer, III
          W. "Trey" R. Dyer, III
          Texas Bar No. 24036512
          Jennifer Sibley
          Texas Bar No. 24081151

8350 N. Central Expressway, Suite 1500
Dallas, Texas  75206
Telephone:  214.265.7007
Facsimile:  214.265.7008

**ATTORNEY FOR PLAINTIFF**

Exhibit C-2

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**THE TRAVERLERS LLOYDS INSURANCE COMPANY**
**SERVE THROUGH ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX 78701-3218**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **6627 MAPLE AVENUE PARTNERS**

Filed in said Court **23rd day of May, 2013** against

**THE TRAVERLERS LLOYDS INSURANCE COMPANY**

For Suit, said suit being numbered **DC-13-05782**, the nature of which demand is as follows:

Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of May, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By _____
RITA RODGERS, Deputy

SERVICE RETURN ATTACHED

FILED
JUN 18 2013
GARY FITZSIMMONS
DIST. CLERK DALLAS CO., TEXAS
DEPUTY

---

**ATTY**

## CITATION

# DC-13-05782

**6627 MAPLE AVENUE PARTNE**
vs. **THE TRAVERLERS LLOYI**
**INSURANCE COMPANY**

By: RITA RODGERS, Deputy

ISSUED THIS
**29th day of May, 2013**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

**Attorney for Plaintiff**
WOODROW R DYER III
CHERRY PETERSEN LANDRY +
ALBERT
8350 NORTH CENTRAL
EXPRESSWAY, SUITE1500
DALLAS TX 75206
214-265-7007

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-13-05782

Court No.95th District Court

Style: 6627 MAPLE AVENUE PARTNERS

vs. THE TRAVERLERS LLOYDS INSURANCE COMPANY

Came to hand on the _____ day of _____, 20___, at _____ o'clock _____.M. Executed at

within the County of _____ at _____ o'clock _____.M. on the _____ day of

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on said copy of date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which ~~witness~~ SERVICE RETURN ATTACHED

| | | |
|---|---|---|
| For serving Citation | $ _____ | of _____ |
| For mileage | $ _____ | By _____ |
| For Notary | $ _____ | _____ Deputy |

(Must be verified if served outside the State of Texas.)

**AUSTIN PROCESS, LLC**
**809 NUECES**
**AUSTIN, TX 78701**
County.

Signed and sworn to by the said _____

to certify which witness my hand and seal of office. before me this _____ day of _____, 20___,

_____
Notary Public _____ County

**State of Texas**                    **County of Dallas**                    **95th Judicial District Court**

Case Number: DC-13-05782

Plaintiff:
**6627 Maple Avenue Partners**
vs.
Defendant:
**The Travelers Lloyds Insurance Company**



For:
Cherry Peterson Landry Albert, LLP
8350 North Central Expressway
Suite 800
Dallas, TX  75206

Received by Austin Process LLC on the 6th day of June, 2013 at 10:26 am to be served on **The Travelers Lloyds Insurance Company may be served with process through its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.**

I, Mike Techow, being duly sworn, depose and say that on the **6th day of June, 2013 at 2:50 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Citation and Plaintiff's Original Petition** with the date and hour of service endorsed thereon by me, to: **Kelly Courtney, Corporation Service Company as Authorized Agent**, at the address of: **211 East 7th Street, Suite 620, Austin, TX 78701-3218**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered.  The facts stated in this affadavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 6th day of
June, 2013 by the affiant who is personally known to
me.

NOTARY PUBLIC

NICOLE M. HYBNER
Notary Public
STATE OF TEXAS
My Comm. Exp. Aug. 09, 2016

**Mike Techow**
SCH-1215, Exp. 7/31/14

**Austin Process LLC**
**809 Nueces**
**Austin, TX 78701**
**(512) 480-8071**

Our Job Serial Number: MST-2013002438
Ref: 6627 Maple Ave Partners v. Travelers

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4t

# Exhibit C-3

Filed
13 June 27 P2:54
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE NO. DC-13-05782

| | | |
|---|---|---|
| 6627 MAPLE AVENUE PARTNERS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | D-95TH JUDICIAL DISTRICT |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant, The Travelers Lloyds Insurance Company ("Travelers"), files its Answer to Plaintiff's Original Petition as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Travelers generally denies each and every allegation contained in Plaintiff's Original Petition, and demands strict proof thereof. By this general denial, Travelers demands that Plaintiff prove every fact in support of its breach of contract, Texas Insurance Code, and Texas DTPA claims by a preponderance of the evidence.

By this general denial, Travelers further demands that Plaintiff prove every fact in support of its exemplary damages claim by clear and convincing evidence.

### II.
### VERIFIED PLEAS

Pursuant to Rule 93 of the TEXAS RULES OF CIVIL PROCEDURE, Travelers denies that Plaintiff is entitled to recover in the capacity in which its sues because there is no contractual relationship between Travelers and Plaintiff. Travelers also specifically denies Plaintiff's assertion that it is incorporated as alleged. Additionally, Travelers has reason to believe the

assignment of policy number KTK CMB 5870L78511 (the "Policy") is not genuine or valid, as the Policy contains a provision which states: "The insured's rights and duties under this policy may not be transferred without the written consent of the Company except in the case of death of an individual named insured."   Please see Travelers' affidavit in support of its verified pleas attached as Exhibit A.

## III.
### AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing General Denial and Verified Pleas, Travelers asserts, pursuant to Rule 94 of the TEXAS RULES OF CIVIL PROCEDURE, the following affirmative defenses:

1.  Plaintiff's claims are subject to all the terms, conditions, limitations and exclusions contained in the Policy.

2.  Plaintiff's claims are barred, in whole or in part, to the extent that the damages sought did not result from a Covered Cause of Loss to Covered Property.

3.  Plaintiff's claims are barred, in whole or in part, to the extent that the insured failed to provide Travelers notice of the claim as soon as possible.

4.  Plaintiff's claims are barred, in whole or in part, to the extent that the insured failed to use reasonable means to save and preserve property from further damage at and after the time of loss.

5.  Plaintiff's claims are barred, in whole or in part, by the Policy exclusions for wear and tear or depletion; rust, corrosion, erosion, decay, deterioration, wet or dry rot, mold, hidden or latent defect or any quality in the property that causes it to damage or destroy itself; settling, cracking, shrinking, bulging or expansion.

6.     Plaintiff's claims are barred, in whole or in part, by the Policy exclusion for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

7.     Plaintiff's claims are barred, in whole or in part, by the Policy exclusion for loss or damage or any increase in the amount of loss or damage caused directly or indirectly or resulting from the presence, growth, proliferation, spread or any activity of "fungus," wet rot or dry rot; subject to the Policy's limited coverage for "fungus," wet rot or dry rot.

8.     Plaintiff's claims are barred in whole or in part by the Policy exclusion for faulty, inadequate or defective:  design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance.

9.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

10.    Travelers reserves the right to assert additional affirmative defenses as this litigation proceeds.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant The Travelers Lloyds Insurance Company prays that upon final judgment: (1) all relief requested by Plaintiff be denied, (2) that Defendant's attorney's fees and costs be taxed against Plaintiff, and (3) for such other and further relief to which it may be justly entitled, whether at law or in equity.

Respectfully submitted,


By:_____/s/ Jennifer L. Gibbs_____
     Steven J. Badger
     State Bar No. 01499050
     sbadger@zelle.com
     Jennifer L. Gibbs
     State Bar No. 24050656
     jgibbs@zelle.com

**ZELLE HOFMANN VOELBEL & MASON LLP**
901 Main Street, Suite 4000
Dallas, TX 75202
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT THE
TRAVELERS LLOYDS INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing has been served on this 27th

day of June, 2013, in accordance with the TEXAS RULES OF CIVIL PROCEDURE as follows:

    W. "Trey" R. Dyer, III
    Jennifer Sibley
    Cherry Petersen Landry Albert LLP
    8350 North Central Expressway
    Suite 1500
    Dallas, TX 75206
    Telephone:   214-265-7007
    Facsimile:   214-265-7008
    **Attorneys for Plaintiff**


                _____/s/ Jennifer L. Gibbs_____
                Jennifer L. Gibbs

2150738v1

# Exhibit A

## VERIFICATION

STATE OF Texas      §

                      §

COUNTY OF Harris     §

       Before me, the undersigned Notary Public, on this day personally appeared Christopher

R. Perry who, after being duly sworn, stated under oath that he is a duly authorized agent for

Defendant in this action; that he has read the above Defendant's Answer to Plaintiffs' Original

Petition; and that every statement contained therein is within his personal knowledge and is true

and correct.



                                   Christopher R. Perry

       SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this 27th

day of June, 2013.

[SEAL]

CHERIE Y WATSON
My Commission Expires
June 3, 2017

_Cherie Y Watson_
Notary Public in and for the State of Texas

Cherie Y. Watson
Typed or printed name of notary

My Commission Expires: 6-3-17